PROB 12B
(7/93)

# UNITED STATES DISTRICT COURT

for

Illinois Central

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Jeffrey Colton

Case Number: 0753 1:20CR10032-001

Name of Sentencing Judicial Officer: James E. Shadid

Date of Original Sentence: 03/16/2021

Original Offense:
Attempted Enticement of a Minor

Original Sentence: 140 months custody, followed by life supervision

Type of Supervision: Supervised Release          Date Supervision Commenced: 05/30/2029

## PETITIONING THE COURT

☐ To extend the term of supervision for ____ years, for a total term of ____ years.

☒ To modify the conditions of supervision as follows:

MODIFY AND REPLACE THE FOLLOWING CONDITIONS:

CONDITION NO. 3: The defendant must follow the instructions of the probation officer related to the conditions of supervision.

CONDITION NO. 9: The defendant must not knowingly have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the United States Probation Office. The United States Probation Office may work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's biological and legally adopted children.

CONDITION NO. 10: The defendant must allow the United States Probation Office to install computer monitoring software on any computer [as defined in 18 U.S.C. § 1030(e)(l)] that is used by the defendant. To ensure compliance with the computer monitoring condition, the defendant must allow the United States Probation Office to conduct initial and periodic monitoring and inspections of any computers [as defined in 18 U.S.C. § 1030(e)(l)] subject to computer monitoring. This monitoring and said inspections will be conducted to determine whether the computer contains any prohibited data prior to the installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the

PROB 12B
(7/93)

monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to monitoring and inspections pursuant to this condition.

CONDITION NO. 11: The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(l)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

ADD THE FOLLOWING CONDITIONS:

CONDITION NO. 12: The defendant must not knowingly view, possess, produce, or use any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials.

CONDITION NO. 13: The defendant must not knowingly be present at places where minor children under the age of 18 reside and must not knowingly be present at places where minor children under the age of 18 are congregated, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools, without the prior consent of the United States Probation Office.

CONDITION NO. 14: The defendant must participate in a mental health evaluation, which may include an evaluation for sex offender treatment. The defendant must complete any recommended treatment program, and follow the rules and regulations of the treatment program. The defendant will be required to submit to periodic polygraph testing at the discretion of the United States Probation Office as a means to ensure that the defendant is in compliance with the requirements of the defendant's supervision or treatment program. The defendant must take all medications prescribed to the defendant by a licensed medical provider.

CONDITION NO. 15: Immediately following release from custody, the defendant must reside in a Residential Reentry Center for a period of 180 days, or until discharged by the United States Probation Office after consultation with the Court. While a resident of the Residential Reentry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the United States Probation Office.

CONDITION NO. 16: The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

CONDITION NO. 17: As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CONDITION NO. 18: After initially reporting to the probation officer, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

CONDITION NO. 19: The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

## CAUSE

Mr. Colton is requesting to release from the Federal Bureau of Prisons to the Northern District of Iowa, to reside with his mother, Monette Colton, 904 8th Avenue NE, Independence, Iowa. Mr. Colton has limited support in the Central District of Illinois, and would be better served to release to his mother's residence where he has a stable residence. The Northern District of Iowa requested Mr. Colton's conditions be modified to add additional supervision conditions to ensure community safety. Assistant U.S. Attorney Darilynn Knauss has been notified of the modification and has no objection. Additionally, Mr. Colton's Federal Bureau of Prisons Case Manager discussed the modification with Mr. Colton, and ensured Mr. Colton was aware of his right to assistance of counsel and a hearing if requested. The waiver was read to Mr. Colton, who agreed to waive his right to representation of counsel and a hearing. Mr. Colton's signed waiver is attached for the Court's review.

PROB 12B
(7/93)

Respectfully submitted,

**REDACTED**

Jessica N. Almonte, U.S. Probation Officer

Date:   01/09/2026

THE COURT ORDERS:

☐ No action.
☐ The extension of supervision as noted above.
☒ The modification of conditions as noted above.
☐ Other

_____
Signature of Judicial Officer

1/15/26
_____
Date